UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

ALI RAMADAN,

    Plaintiff,

vs.

Case No.: _____

Honorable _____

HOME DEPOT, INC.,

    Defendant.

---

| | |
|---|---|
| **AZZAM E. ELDER (P53661)**<br>**MICHAEL SMITH (P20694)**<br>**NINA KORKIS (P63031)**<br>ELDER BRINKMAN LAW PLLC<br>Attorneys for Plaintiff<br>1360 Porter Street, Suite 200<br>Dearborn, MI 48124<br>Phone \| 313-582-5800<br>Facsimile \| 313-202-9548<br>aelder@elderbrinkmanlaw.com | **CAROLYN M. JERECK (P41748)**<br>**KATHERINE NIGHSWANDER (P77928)**<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>Direct Dial \| 248-594-5798<br>Facsimile \| 248-901-4040<br>knighswander@plunkettcooney.com<br>cjereck@plunkettcooney.com |

---

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:   UNITED STATES DISTRICT COURT
       JUDGES OF THE ABOVE COURT

Pursuant to 28 USC §§1332, 1441 and 1446, Defendant Home Depot USA, Inc., incorrectly named as "The Home Depot, Inc.," by and through its attorneys, Plunkett Cooney, hereby removes the above-captioned case, pending as Case No. 2018-007554-NO in the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan, Southern

Division; as grounds for the Removal, it states as follows:

1. On or about July 5, 2018, Plaintiff, Ali Ramadan, filed a Complaint in the Wayne County Circuit Court, State of Michigan, bearing civil court case No. 18-007554-NO, in which ALI RAMADAN is the Plaintiff and HOME DEPOT, INC. is identified as the sole Defendant (see **Exhibit A**, *Summons and Plaintiff's Complaint*).

2. Plaintiff's lawsuit is based upon civil common law and asserts that Defendant negligently created and/or allowed a dangerous condition to exist, namely an allegedly unsecured portion of metal trim, on its premises.

3. Plaintiff further claims that he was "struck in the head, falling in the aisle way while sustaining severe personal injuries including but limited to the following: a closed head injury as well as injuries to his neck, back arms, and shoulders" (**Exhibit A**, p 3).

4. Prior to the filing of this lawsuit, Defendant received a settlement demand of $750,000.00 from Plaintiff based upon his claimed closed head injury and impairment.

5. As set forth in the Complaint filed on Plaintiff's behalf, he has made a generalized demand alleged to be in excess of the state court jurisdictional limitation of Twenty Five Thousand Dollars ($25,000.00).

6. However, based upon the nature and extent of injuries and damages allegedly sustained as well as representations regarding the current, perceived value of Plaintiff's alleged damages and injuries, Plaintiff is, in reality, seeking to recover in excess of Seventy Five Thousand Dollars ($75,000.00).

7. Further, and *assuming arguendo* that liability and related injuries alleged are conclusively established, it is defense counsel's experience that damages such as those alleged and/or represented by Plaintiff are routinely valued in this jurisdiction in excess of Seventy-Five Thousand Dollars ($75,000.00).

8. Moreover, given the nature of a prior discussion with Plaintiff's counsel, Plaintiff is not agreeable at this time to stipulating to cap and/or otherwise limit the value of injuries and/or damages claimed to Seventy Five Thousand Dollars ($75,000.00).

9. Thus, as things presently stand, this action involves a controversy with complete diversity of citizenship between citizens of different states and therefore, satisfies the requirement set forth in 27 U.S.C. §1332.

10. More specifically, Defendant affirmatively avers that:

    a. The correct corporate defendant for purposes of Plaintiff's lawsuit is HOME DEPOT USA, INC.,

3

    **b.** Plaintiff is now and was at the time of the commencement of this action, a resident and citizen of the State of Michigan, residing in Wayne County, State of Michigan (**Exhibit A**).

    **c.** The proper Defendant HOME DEPOT USA, INC., was at the commencement of this action and now and ever since, has been a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

    **d.** HOME DEPOT USA, INC., was not and is not a corporation created or organized under the laws of the State of Michigan and does not have its principal place of business in Michigan.

12.    This action is, therefore, a controversy between a citizen of the State of Michigan and a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

13.    Accordingly, complete diversity exists amongst the parties and the amount in controversy is more than $75,000.00 over which the Federal District of the United State has jurisdiction (see **Exhibit A**).

14.    This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and the

amount in controversy, exclusive of interests and costs, is in excess of $75,000.00.

15. Defendant has filed no pleadings in the Circuit Court for the County of Wayne, State of Michigan, and no proceedings in the matter pending before the Wayne County Circuit Court have taken place.

16. Defendant HOME DEPOT, INC.'s Resident Agent was served with the Summons and Complaint on August 13, 2018 via first-class certified mail.

17. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed given that it was filed within one year of commencement of this action and within thirty (30) days of receipt of the initial pleading setting forth the cause of action and claim for relief upon which the aforesaid action is based.

18. A copy of the written Notice of Filing of this Removal has been provided to Plaintiff through Counsel as required by law and is also attached hereto.

19. A true and correct copy of this Removal has been also filed with the Wayne County Circuit Court as required by law.

20. By filing this Notice of Removal, Defendant does not waive any rights and/or defenses that may be available to it in this action; rather, Defendant fully reserves its defenses and rights.

**WHEREFORE** Defendant HOME DEPOT, INC., respectfully requests this Honorable Court effectuate removal of this civil action from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

PLUNKETT COONEY

*/s/ Katherine Nighswander*
By:_____
KATHERINE NIGHSWANDER P77928
Attorney for Defendant
38505 Woodward Avenue, Suite 1000
Bloomfield Hills, MI 48304
(248) 594-5798
knighswander@plunkettcooney.com

Dated: September 6, 2018

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**
**CIVIL DIVISION**

ALI RAMADAN,                                  Court No: 2018-007554-NO

    Plaintiff,                              Honorable Lita M. Popke

v

HOME DEPOT INC.,

    Defendant.

| | |
|---|---|
| **AZZAM E. ELDER (P53661)**<br>**MICHAEL SMITH (P20694)**<br>**NINA KORKIS (P63031)**<br>ELDER BRINKMAN LAW PLLC<br>Attorneys for Plaintiff<br>1360 Porter Street, Suite 200<br>Dearborn, MI 48124<br>Phone \| 313-582-5800<br>Facsimile \| 313-202-9548<br>E-Mail \| aelder@elderbrinkmanlaw.com | **CAROLYN M. JERECK (P41748)**<br>**KATHERINE NIGHSWANDER (P77928)**<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>Direct Dial \| 248-594-5798<br>Facsimile \| 248-901-4040<br>E-Mail \| knighswander@plunkettcooney.com<br>cjereck@plunkettcooney.com |

## **DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant, HOME DEPOT, INC., filed a Notice of Removal, copies of which are attached hereto, in the offices of the Clerk of the United States District Court, Eastern District of Michigan, Southern Division, at 231 W. Lafayette Blvd., Detroit, Michigan.

PLEASE TAKE FURTHER NOTICE that upon the filing of the Notice of Removal with the Clerk of the United State District Court for the Eastern District of Michigan, Southern Division, and filing copies thereof with the Clerk of Wayne County Circuit Court, Defendant has effected removal and the

Wayne County Circuit Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 USC 1446(d).

                                            Respectfully submitted,

                                            PLUNKETT COONEY

                                            */s/ Katherine Nighswander*
                                            By:_____
                                            KATHERINE NIGHSWANDER P77928
                                            Attorney for Defendant
                                            38505 Woodward Avenue, Suite 1000
                                            Bloomfield Hills, MI 48304
                                            (248) 594-5798

Dated: September 6, 2018              knighswander@plunkettcooney.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

ALI RAMADAN,

    Plaintiff,

vs.

Case No.: _____

Honorable _____

HOME DEPOT, INC.,
    Defendant.

---

| | |
|---|---|
| **AZZAM E. ELDER (P53661)**<br>**MICHAEL SMITH (P20694)**<br>**NINA KORKIS (P63031)**<br>ELDER BRINKMAN LAW PLLC<br>Attorneys for Plaintiff<br>1360 Porter Street, Suite 200<br>Dearborn, MI 48124<br>Phone \| 313-582-5800<br>Facsimile \| 313-202-9548<br>aelder@elderbrinkmanlaw.com | **CAROLYN M. JERECK (P41748)**<br>**KATHERINE NIGHSWANDER (P77928)**<br>PLUNKETT COONEY<br>Attorneys for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>Direct Dial \| 248-594-5798<br>Facsimile \| 248-901-4040<br>knighswander@plunkettcooney.com<br>cjereck@plunkettcooney.com |

## AFFIDAVIT OF SERVICE

STATE OF MICHIGAN   )
                              )ss.
COUNTY OF OAKLAND  )

The undersigned certifies that a copy of Defendant's Notice of Removal of Cause to the United States District Court for the Eastern District of Michigan, Southern Division, and Proof of Service were served upon Attorneys for Plaintiff on September 6, 2018 via Wayne County Circuit Court's e-filing system, electronic email, and First Class U.S. Mail. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Respectfully submitted,

PLUNKETT COONEY

By: */s/ Katherine Nighswander*
KATHERINE NIGHSWANDER P77928
Attorney for Defendant
38505 Woodward Avenue, Suite 1000
Bloomfield Hills, MI 48304
(248) 594-5798
knighswander@plunkettcooney.com

Dated: September 6, 2018
Open.12080.83129.20861226-1

2

# EXHIBIT 1

| Approved: SCAO | Original - Court<br>1st Copy - Defendant | 2nd Copy - Plaintiff<br>3rd Copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS AND COMPLAINT** | **CASE NO**<br>**18-007554-NO**<br>**Hon. Lita Masini Popke** |

Court Address 2 Woodward Ave., Detroit MI 48226        Court Telephone No. 313-224-2953

| Plaintiff<br><br>Ramadan, Ali | v | Defendant<br><br>THE HOME DEPOT |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Azzam E. Elder 53661<br>1380 Porter St Ste 250<br>Dearborn, MI 48124-2890 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>7/5/2018 | This summons expires<br>10/4/2018 | Court clerk<br>Susan Dixson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)

☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number and details are on page _____ of the attached complaint.

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer pending.   The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filled by the plaintiff.)

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains   ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

Date _____   Signature of attorney/plaintiff _____

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

ALI RAMADAN

        Plaintiff,

v.

        Case No. 18-007554-NO
        Hon: LITA M. POPKE

HOME DEPOT INC.

        Defendants.
_____/

AZZAM E. ELDER (P53661)
MICHAEL SMITH (P20694)
NINA KORKIS (P63031)
**ELDER BRINKMAN LAW, PLLC**
Attorneys for Plaintiff
1360 Porter Street, Suite 200
Dearborn, MI 48124
PH (313) 582-5800/FX (313) 202-9548
e-Mail: aelder@elderbrinkmanlaw.com
_____/

## COMPLAINT and JURY DEMAND

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the complaint.

NOW COMES Plaintiff, ALI RAMADAN, by and through his attorneys, Elder Brinkman Law, PLLC, and for his Complaint against the above-named Defendant, state as follows:

1.    At all times relevant to this lawsuit, ALI RAMADAN is a resident of the City of Dearborn, County of Wayne, State of Michigan.

2.    At all times relevant to this lawsuit, Defendant HOME DEPOT is a foreign corporation and has done business as HOME DEPOT in the City of Northville, County of Wayne, State of Michigan.

18-007554-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 7/5/2018 2:43 PM Susan Dixson

3. The amount in controversy exceeds $25,000 exclusive of costs, interest and attorney fees. [MCR 2.111(B) (2)].

4. On or about the 3rd day of March, 2017, Plaintiff was a business invitee lawfully on the premises located at 39500 W. Seven Mile Road, Northville, Michigan 48167.

5. Plaintiff was not guilty of negligence or comparative negligence in the instant occurrence.

6. At the above address, Plaintiff was shopping when he was suddenly and violently struck in the head by pieces of metal trim which had been improperly secured by employees of the Defendant causing severe injury to the Plaintiff's head, neck, back, arms, and shoulders.

## COUNT I
## NEGLIGENCE AND STATUTORY VIOLATIONS

7. Plaintiff re-incorporates all allegations set forth above, as if fully stated herein.

8. It was the duty of the Defendant to provide a safe place for business invitees such as Plaintiff and other situated, and to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees.

9. Further, Defendant had a duty toward Plaintiff and other patrons of said premises to inspect for dangerous conditions of which it knew or should have known.

10. Notwithstanding these duties, Defendant breached them as follows:

   a. Negligently maintaining a dangerous and defective condition on a portion of the premises where it knew or should have known business invitees would traverse;

2

b. Failing to take precautionary measures to correct or alleviate the unsafe condition created by unstable and unsecured portions of metal trim;

c. Failing to inspect said premises for dangerous conditions and failing to warn Plaintiff and others similarly situated of the unsafe condition created by the unstable and unsecured portions of metal trim, after such time as Defendant knew or could reasonably have known of the unsafe condition;

d. Permitting unsafe conditions to exist unabated in violation of MCLA125.536;

e. Performing other acts of negligence and/or violating other laws and/or ordinances not yet known by Plaintiff but which will be ascertained during the discovery of said litigation.

11. As a direct and proximate result of Defendant's negligence, Plaintiff was violently struck in the head, falling in the aisleway while sustaining severe personal injuries including but limited to the following: A closed head injury as well as injuries to his neck, back, arms, and shoulders.

12. Prior to said accident, Plaintiff was a reasonably strong and healthy person, but because of the negligence of Defendant and the injuries received, Plaintiff became ill and suffers from many injuries, including but not limited to, a closed head injury; He has suffered and will continue to suffer pain, humiliation, embarrassment, mental anguish, gross indignity and inconvenience because of the permanent nature of these injuries; He has suffered or may yet suffer aggravation or activation of a pre-existing condition; He has suffered both wage loss and impairment of earning capacity due to the permanent nature of his injuries; He has been forced to expend and will continue to expend considerable sums of money in and about the alleviation of his suffering; and he finds it impossible to participate in the usual activities of life in which he indulged prior to sustaining his injuries.

3

18-007554-NO  FILED IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  7/5/2018 2:43 PM  Susan Dixson

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the Defendant is in an amount in excess of $25,000, together with costs, interest and attorney fees so wrongfully incurred.

Respectfully submitted,

*/s/Azzam E. Elder*
AZZAM E. ELDER (P53661)
Attorneys for Plaintiff
1360 Porter Street, Suite 200
Dearborn, MI 48124
PH (313) 582-5800 / FX (313) 202-9548
e-Mail: aelder@elderbrinkmanlaw.com

DATED: July 3, 2018

4

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

ALI RAMADAN

        Plaintiff,

v                                      Case No.  18-      -NO
                                      Hon:

HOME DEPOT INC.

        Defendants.
_____/

AZZAM E. ELDER (P53661)
MICHAEL SMITH (P20694)
NINA KORKIS (P63031)
**ELDER BRINKMAN LAW, PLLC**
Attorneys for Plaintiff
1360 Porter Street, Suite 200
Dearborn, MI 48124
PH (313) 582-5800/FX (313) 202-9548
e-Mail: aelder@elderbrinkmanlaw.com
_____/

## JURY DEMAND

Plaintiff, by and through his attorneys, hereby demands a trial by jury.

Respectfully submitted,

*/s/Azzam E. Elder*
AZZAM E. ELDER (P53661)
Attorneys for Plaintiff
1360 Porter Street, Suite 200
Dearborn, MI 48124
PH (313) 582-5800 / FX (313) 202-9548
e-Mail: aelder@elderbrinkmanlaw.com

DATED: July 3, 2018

18-007554-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 7/5/2018 2:43 PM Susan Dixson




LEGAL SERVICE OF PROCESS
CSC LAWYERS INC SERVICES
601 Abbot ROAD Ste 1
EAST LANSING MI 48823-3386

Elder Brinkman Law
1360 PORTER ST, SUITE 250
DEARBORN, MICHIGAN
48124