UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI RAMADAN,

                  Plaintiff,

v.

HOME DEPOT, INC.,

                  Defendant.
_____/

Case No. 4:18-cv-12765
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO SUBMIT TO AN INDEPENDENT MEDICAL EXAMINATION CONDUCTED BY BRADLEY AXELROD, PH.D. (ECF NO. 32)

This personal injury case stems from the alleged events of March 3, 2017 at the Home Depot in Northville, Michigan.  Currently before the Court is Defendant's June 10, 2021 motion to compel Plaintiff to submit to an independent medical examination (IME) conducted by Bradley Axelrod, Ph.D. (ECF No. 32), as to which a response has been filed (ECF No. 32).

Judge Davis referred this motion to me for hearing and determination, and, on August 18, 2021, the Court held a video hearing at which attorneys Azzam E. Elder and Katherine Marie Nighswander appeared.  (ECF Nos. 33, 35.)  After entertaining oral argument on the motion, the Court issued its ruling from the bench.  For the reasons stated on the record, all of which are incorporated by

reference as though fully restated herein, Defendant's June 10, 2021 motion (ECF No. 32) is **GRANTED**, as follows:

- Dr. Axelrod was identified as a "potential neuropsychology and IME expert" as early as February 28, 2019 (ECF No. 12, PageID.78 ¶ 12);

- Plaintiff's mental and physical condition is "in controversy," (*see*, *e.g.*, ECF No. 1, PageID.15 ¶¶ 11-12 [Complaint]; ECF No. 32-3, PageID.614-615, 630-632 [Testimony]), and the Court finds that Dr. Axelrod is suitable as a "licensed or certified examiner" appropriate to the injuries alleged (Fed. R. Civ. P. 35(a)(1));

- Defendant has shown good cause, for the various reasons stated on the record from the bench. As to timing, the parties' October 12, 2018 Fed. R. Civ. P. 26(f) joint discovery plan provides that, "as to expert discovery, the parties respectfully request that they be allowed to continue to *conduct expert discovery up to 30 days before trial*." (ECF No. 6, PageID.45 ¶ 4(b) (emphases in original). Fed. R. Civ. P. 35(a)(2)(A). This approach permits the parties to put off the expense of expert discovery, in this case until after the settlement conference was held. *See also*, Fed. R. Civ. P. 1 (The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981) ("A lawsuit is a search for the truth.").[1] Neither a final pretrial conference nor a trial have been scheduled yet in this case.

- Plaintiff shall appear for a non-invasive neuropsychiatric examination by Dr. Axelrod on September 30, 2021 at 8:00 a.m. at 2440 Washtenaw Ave., Suite 7F, Ann Arbor, MI 48104. Fed. R. Civ. P. 35(a)(2)(B). The examination may last up to 6 hours (not including a 1 hour lunch break).

---

[1] The time to *disclose* expert testimony is governed by Fed. R. Civ. P. 26(a)(2)(D).

2

- If the date, time and/or place of the examination must be changed, the parties shall submit a stipulation and proposed order to specify the new date, time and/or place of the examination (Fed. R. Civ. P. 35(a)(2)(B));

- Dr. Axelrod shall submit his report within 30 days of the examination. Should Plaintiff choose to do so, he may name an expert to respond to Dr. Axelrod within 30 days of Dr. Axelrod's report;

- As stated in further detail from the bench, Plaintiff's oral request for a witness to join him at the examination is **DENIED**. *See*, e.g., *King v. CSX Transp., Inc.*, No. 06-CV-13094-DT, 2007 WL 1585662, at *1 (E.D. Mich. June 1, 2007) ("The general rule in federal court is that observers should not be allowed unless the person to be examined shows special need or good reason for the observer."). Here, there has been no showing of special need, guardianship, or conservatorship.

**IT IS SO ORDERED.**

**Dated:** August 18, 2021

Anthony P. Patti
U.S. MAGISTRATE JUDGE

3